Pfeifer, J.,
concurring.
{¶ 40} R.C. 4123.931 grants the Bureau of Worker’s Compensation (“BWC”) and self-insured employers several ways to recoup workers’ compensation benefits paid out to an injured employee. I write separately to note that not all causes of action arising from R.C. 4123.931 have a six-year statute of limitations. I concur because the BWC theoretically has a cause of action against defendant-appellant, Heritage WTI, Inc. (“Heritage”), under R.C. 4123.931(G), which does have a six-year statute of limitations.
{¶ 41} R.C. 4123.931(A) establishes that the payment of workers’ compensation benefits “creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee’s right of recovery.”
{¶ 42} Thus, pursuant to R.C. 4123.931(A), any payments made by the third party to the claimant are subject to being dispersed to the statutory subrogee. This is a standard subrogation arrangement, and the rights of the statutory subrogee are limited to the rights of the claimant. Since the claimant has no rights against a third party once the statute of limitations has passed, neither does the statutory subrogee. Thus, the statutory subrogee is limited to the two-year statute of limitations for personal injury.
{¶ 43} A statutory subrogee has another method to recover benefits. Pursuant to R.C. 4123.931(H), the statutory subrogee may itself bring an action against the third-party tortfeasor:
{¶ 44} “A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant. If a *167 statutory subrogee institutes legal proceedings against a third party, the statutory subrogee shall provide notice of that fact to the claimant. If the statutory subrogee joins the claimant as a necessary party, or if the claimant elects to participate in the proceedings as a party, the claimant may present the claimant’s case first if the matter proceeds to trial. If a claimant disputes the validity or amount of an asserted subrogation interest, the claimant shall join the statutory subrogee as a necessary party to the action against the third party.”
{¶ 45} Again in R.C. 4123.931(H), the statutory subrogee’s cause of action is derivative, arising directly from the injury to the claimant. Thus, the rights of the statutory subrogee are limited to those of the claimant, including being subject to a two-year statute of limitations on a personal-injury action.
{¶ 46} The BWC’s claim here is brought pursuant to R.C. 4123.931(G), which provides something completely different to the statutory subrogee; it is a cause of action belonging exclusively to the statutory subrogee. R.C. 4123.931(G) makes the statutory subrogee a mandatory player in settlement discussions between the claimant and the third party. It provides that if the statutory subrogee is not given notice of settlement negotiations — which has not been alleged in this case — or “if a settlement or compromise excludes any amount paid by the statutory subrogee,” then “the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.” Thus, if the amount set forth in the settlement agreement between the claimant and the third party does not address the payments made by the statutory subrogee, the claimant and third party are liable to repay the statutory subrogee in full. This is significant, because in the normal course under R.C. 4123.931(B), the statutory subrogee receives from the settlement proceeds only a certain ratio of what it had paid out.
{¶ 47} A claim brought under R.C. 4123.931(G) is not a subrogation claim. It is a unique claim created by statute that punishes claimants and third parties for failing to include statutory subrogees in settlement negotiations. As “an action * * * upon a liability created by statute,” an R.C. 4123.931(G) action has a six-year statute of limitations pursuant to R.C. 2305.07.
{¶ 48} This appeal concerns only Heritage. Any battles between McKinley and the BWC over the distribution of the settlement amount subject to the BWC’s rights under R.C. 4123.931(B) do not concern Heritage. Any claim that the BWC might have brought under R.C. 4123.931(H) was subject to the two-year statute of limitations. A claim brought under R.C. 4123.931(G) against Heritage does have a six-year statute of limitations. Whether such a claim under R.C. 4123.931(G) has any basis in fact is up to the trial court. The BWC has not alleged that it did not receive notice of settlement negotiations. The BWC’s only hope for recovery from Heritage would be a provision in the settlement agree *168 ment that specifically excludes payments made by the BWC. The trial court should proceed on the BWC’s case against Heritage on that limited basis.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Stephen P. Carney, Deputy Solicitor, and Mia M. Yaniko, Assistant Solicitor; and Lee M. Smith & Associates Co., L.P.A., Lee M. Smith, and Benjamin W. Crider, for appellee.
Reminger Co., L.P.A., Gregory D. Brunton, Melvin J. Davis, and Patrick Kasson, for appellant.
Law Office of Russell Gerney and Russell Gerney, urging reversal for amicus curiae, Ohio Association for Justice.